IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JAMES COLLINS**
    **Plaintiff,**                                 **Demand for Jury Trial**

vs.

                                            **Case No.:**

**NATIONSTAR MORTGAGE, LLC**
**d/b/a MR. COOPER;**

    **Defendant.**

_____/

## COMPLAINT

**COMES NOW**, James Collins, by and through the undersigned counsel, and for the Complaint against Defendant, Nationstar Mortgage, LLC d/b/a Mr. Cooper and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692 *et seq.*, Real Estate Settlement Procedures Act (RESPA), and Florida Consumer Collection Practices Act (FCCPA) Florida Statute §559.72 *et seq.*

### PARTIES

2. Plaintiff, James Collins, is an individual who resides in Pinellas County, Florida.

3.  Defendant, Nationstar Mortgage, LLC d/b/a Mr. Cooper (hereinafter "Mr. Cooper") is a corporation with its principal place of business in Dallas, Texas. At all times material to this action, Mr. Cooper regularly transaction business in the State of Florida.

4.  Mr. Cooper is a "debt collector" of the Plaintiff's "debt" as those terms are defined in the FDCPA 15 U.S.C. § 1692a.

5.  Mr. Cooper is a loan "servicer" of the Plaintiff's "federally related mortgage loan" as those terms are defined in the RESPA, 12 U.S.C. §2602(1) and 12 U.S.C. §2605(i)(2).

6.  In this proceeding, Plaintiff is seeking statutory, actual and punitive damages, together with interest, costs of suit, and reasonable attorney fees and any other relief deemed to be just and proper.

7.  All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

8.  At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant

## FACTUAL ALLEGATIONS

9. Mr. Collins is the owner of the real estate located at 4061 53rd Ave. N St. Petersburg FL 33714, which he purchased by obtaining a note and mortgage against the property executed on February 26, 2010 in the amount of $88,369.

10. In 2016 Mr. Collins fell behind on his mortgage payments and a foreclosure was filed in Pinellas County, case number 17-001435-CI, by the note holder/servicer Mr. Cooper, the Defendant in this case.

11. In the underlying foreclosure case, a Non Jury Trial was set for November 14, 2018.

12. On or about November 1, 2018, Mr. Collins submitted a complete loss mitigation application, which was acknowledged by the Defendant.

13. The Defendant filed a motion for continuance of trial set for November 14, 2018 where they acknowledged that they were prohibited by 12 CFR 1024.41(g) from seeking a foreclosure judgment or sale and asked to have more time to evaluate the completed loss mitigation application.

14. The Motion for continuance was set to be heard on the same date and time as the trial and was denied by the judge.

15. On November 14, 2018, the Defendant proceeded to trial and obtained a Final Judgment of Foreclosure of $102,845.39 and setting a sale date for March 14, 2019.

16. On November 30, 2018, the Defendant offered a trial modification to the Mr. Collins.

17. Mr. Collins made payments to the Defendant subject to the terms of the trial modification.

18. On March 13, 2019, the Defendant filed a Motion to Cancel Foreclosure Sale stating that Mr. Collins had entered into a trial modification with the Defendant, and had already made two of the three required payments in order to qualify for the permanent modification.

19. On March 13, 2019, the March 14 sale date was cancelled and rescheduled to May 14, 2019.

20. On May 9, 2019, the Defendant filed a motion to cancel foreclosure sale for May 14, 2019 stating that Mr. Collins had complied with the trial modification and that Defendant was in the process of completing a permanent modification.

21. The foreclosure sale occurred regardless on May 14, 2019.

22. The judge didn't enter an order cancelling the foreclosure sale, and docketed that the Order required to be submitted timely in order to cancel the sale was submitted on May 21, 2019, after the sale occurred.

23. Mr. Collins filed an emergency motion to vacate the foreclosure sale.

24. An evidentiary hearing was set for July 25, 2019 on the motion to vacate the foreclosure sale and the judge entered an order vacating the May 14, 2019 sale on July 30, 2019.

25. On August 23, 2019, the Defendant filed a Motion to vacate the final judgment and dismiss the action without prejudice, stating that Mr. Collins had entered into a permanent modification effective May 17, 2019.

26. On September 9, 2019, the court entered an Order vacating the final judgment and dismissing the action without prejudice.

27. The payments on the permanent modification were to start June 1, 2019, however the Defendant wouldn't start accepting payments until September of 2019.

28. In September of 2019, the Defendant sent a statement which didn't take into account the modification, stating that Mr. Collins was $23,256.02 in arrears, which is impossible seeing as the loan was modified to put all amounts due prior to June 1, 2019 to the back of the loan.

29. In October of 2019, the Defendant sent a statement acknowledging the modification by adjusting the principal balance owed, but showing Mr. Collins behind in payments.

30. In November of 2019, the Defendant sent a statement stating that Mr. Collins was completely current on his payments and his next payment due date was in January of 2020.

31. In December of 2019, the Defendant's statement mirrored the November statement, requiring the next payment in January of 2020.

32. In March of 2020 is when Mr. Collins received his next statement which asserted he was in arrears $11,012.53 and was due for the October 2019 payment.

33. On July 8, 2020, a Notice of Error was sent to the Defendant explaining the circumstances and the profound confusion Mr. Collins was going through trying to understand the completely contradicting accounting he was getting on a monthly basis.

34. On August 27, 2020, Defendant gave a response which clearly shows that Defendant's failures throughout the foreclosure case and modification process had resulted in the complete disarray that has become of this mortgage.

## COUNT I—VIOLATION OF REGULATION X LOSS MITIGATION PROCEDURES, 12 C.F.R. §1024.41

35. The allegations of paragraph 1-34 above are realleged and incorporated herein by reference.

36. Under 12 C.F.R. 1024.41(g), "Prohibition on foreclosure sale. If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless…"

37. Defendant allowed a sale date to be set despite having received a complete loss mitigation application.

38. Defendant allowed the sale of the property to occur, while having at the same time offered a trial modification and a permanent modification to Mr. Collins.

39. Defendant's violation of the dual tracking restrictions cited above has had a domino effect preventing the permanent modification to be successful due to the continued failings of the Defendant.

40. Mr. Collins incurred attorney fees and costs in attempting to undo the harm that continues to occur due to Defendant's actions.

## COUNT II—BREACH OF CONTRACT

41. The allegations of paragraph 1-34 above are realleged and incorporated herein by reference.

42. Defendant breached its contractual obligations to the Plaintiff in at least the following ways:

a. By refusing to accept payment according to the terms of the Original Loan and Modification Agreement.

b. By failing to apply the Modification in a timely manner, and collecting on an accounting that was clearly pre-modification.

c. By failing to apply all payments received from the Plaintiff after June 1, 2019 to the principal and interest accrued after that date on the Plaintiff's mortgage account according to the terms of the original Loan and Modification Agreement;

d. By assessing to the Plaintiff's mortgage account charges and fees not agreed to between the parties;

e. By improperly allocating payments received from the Plaintiff after June 1, 2019 to fees and charges not agreed to between the parties;

f. By assessing late payment charges to the Plaintiff's mortgage account after June 1, 2019 contrary to the terms of the original Loan and Modification Agreement;

## COUNT III--VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

43. The allegations of paragraphs 1-34 above are realleged and incorporated herein by reference.

44. On July 8, 2020, Mr. Collins, though his attorney, sent Defendant a "qualified written request" as that term is defined under RESPA, 12 U.S.C. § 2605(e)(1)(B), regarding the crediting of payments on his mortgage account. In the qualified written request, the Plaintiff specified

his reasons for belief that the account was not in default and requested that Defendant correct the error.

45. Defendant violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make appropriate corrections to the Plaintiff's account in response to the qualified written request, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to the Plaintiff no later than 60 days after receipt of the Plaintiff's qualified written request.

46. Upon information and belief, Defendant violated RESPA, 12 U.S.C. 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by Mr. Collins that were related to his qualified written request.

47. Defendant has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

## COUNT IV--VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

41. The allegations of paragraphs 1-34 above are realleged and incorporated herein by reference.

42. Defendant violated the FDCPA, 15 U.S.C. § 1692f, by using unfair and unconscionable means to collect the debt owed by the Plaintiff, including the collecting and attempting to collect of interest and other charges, fees and expenses not authorized by the original Loan and Modification Agreement, or otherwise legally chargeable to the Plaintiff, as more fully set forth above.

43. Defendant violated the FDCPA, 15 U.S.C. § 1692e(2), by misrepresenting the character, amount and legal status of the Plaintiff's debt.

44. Defendant violated the FDCPA, 15 U.S.C. §§ 1692e(5) and 1692f(6), by threatening to foreclose on the Plaintiff's home even though Defendant has no present right to possession of the property under its security agreement, and by threatening to take other action prohibited by law.

45. Defendant violated the FDCPA, 15 U.S.C. § 1692g(a)(1), by failing to accurately and fully state in communications to the Plaintiff "the amount of the debt."

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this action;

B. Declare that the Defendant is in breach of the original Loan and Modification Agreement and that Plaintiff is current and not in default on the terms of the original Loan and Modification Agreement

C. Award actual and compensatory damages, including those for mental anguish, in an amount to be determined at trial;

D. Award punitive or exemplary damages in an amount to be determined at trial;

E. Declare that Defendant violated RESPA, enjoin Defendant from committing any future violations of the Act, and award the Plaintiff actual damages and $1,000 in statutory damages pursuant to 12 U.S.C. § 2605(f);

F. Declare that Defendant violated the FDCPA, enjoin Defendant from committing any future violations of the Act, and award the Plaintiff actual damages and $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k;

G. Award Plaintiff reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to 12 U.S.C. § 2605(f) and 15 U.S.C. § 1692k(3);

H. Grant such other or further relief as is appropriate.

Respectfully submitted on May 13, 2021.

<u>Alan Borden, Esq.</u>
Alan Borden, Esq.
Debt Relief Legal Group, LLC
901 W. Hillsborough Ave.
Tampa, FL 33603
FL Bar #58250
aborden@1800debtrelief.com
Ph: 813-231-2088
Fx: 813-354-2627