UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES COLLINS,

      Plaintiff,

v.                                       Case No. 8:21-cv-1169-JLB-SPF

NATIONSTAR MORTGAGE, LLC
d/b/a MR. COOPER,

      Defendant.

_____

## ORDER

Plaintiff James Collins obtained a mortgage loan in connection with real property. After he fell behind on his payments, the loan servicer, Defendant Nationstar Mortgage, LLC ("Nationstar"), filed a state court foreclosure action. The sale and final judgment were ultimately vacated, and Nationstar again sought payments from Mr. Collins. Mr. Collins brings related claims under the Real Estate Settlement Procedures Act ("RESPA") (Counts I and III), breach of contract (Count II), and the Florida Consumer Collection Practices Act ("FCCPA") (Count IV). Nationstar moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). After careful review, the motion (Doc. 20) is **GRANTED**.

## BACKGROUND

In 2010, Mr. Collins obtained a mortgage loan in connection with real property in Florida. (Doc. 18 at 3, ¶ 9.)[1] He fell behind on his mortgage payments

---

[1] "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to

in 2016, and the loan's servicer, Nationstar, filed a state court foreclosure action. (<u>Id.</u> ¶ 10.)  After trial was set for November 14, 2018, Mr. Collins submitted a complete loss mitigation application, and Nationstar moved for a trial continuance to evaluate the application.  (<u>Id.</u> ¶¶ 11–13.)  The state court denied the motion and entered a final judgment of foreclosure with a March 14, 2019 sale date.  (<u>Id.</u> at 4, ¶¶ 14–15.)

On November 30, 2018, Nationstar offered a trial modification plan, and Mr. Collins made payments to Nationstar pursuant to the trial modification.  (<u>Id.</u> ¶¶ 16–17.)  On March 13, 2019, Nationstar moved to cancel the March 14, 2019 sale based on those payments.  (<u>Id.</u> ¶ 18.)  The sale was rescheduled to May 14, 2019, and on May 9, 2019, Nationstar again moved to cancel the sale based on the trial modification.  (<u>Id.</u> ¶¶ 19–20.)  However, by untimely submitting an order on the motion to cancel the sale, Nationstar did not follow the state court's local rules, and the sale went forward.  (<u>Id.</u> at 5, ¶¶ 21–23.)  Following Mr. Collins's emergency motion and an evidentiary hearing, the sale was vacated on July 30, 2019.  (<u>Id.</u> ¶¶ 24–25.)  On August 23, 2019, Nationstar moved to vacate the final judgment and dismiss the action based on the permanent modification, effective May 17, 2019.

---

the plaintiff."  <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) (citation omitted).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Under this standard, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

(Id. ¶ 26.)  On September 9, 2019, the judgment was vacated, and the action was dismissed.  (Id. ¶ 27.)

Although the payments on the permanent modification were to start on June 1, 2019, Nationstar refused to accept payments until September 2019.  (Id. at 6, ¶ 28.)  In September 2019, Nationstar sent Mr. Collins a statement inconsistent with the modification and stated that he owed $23,256.02 in arrears.  (Id. ¶ 29.)  An October 2019 statement adjusted the principal balance owed but still reflected arrears.  (Id. ¶ 30.)  November and December 2019 statements stated that Mr. Collins was current on his payments and that the next payment was due in January 2020.  (Id. ¶¶ 31–32.)  The next statement, received in March 2020, stated that he owed $11,012.53 in arrears, due for the October 2019 payment.  (Id. ¶ 33.)

On July 8, 2020, Mr. Collins sent a Notice of Error to Nationstar, notifying it of the accounting errors and requesting that it correctly apply all payments made after the June 1, 2019 modification, start accepting payments, eliminate any late fees, costs, or other such fees after June 1, 2019, and advise as to what payments were due.  (Id. at 7, ¶¶ 34–35; Doc. 18-4.)  In an August 27, 2020 response, Nationstar admitted that it misapplied funds received from the sale as payments made toward the account, resulting in the November and December statements reflecting no payment due.  (Doc. 18 at 7, ¶ 37; Doc. 18-5.)  Notwithstanding, Mr. Collins alleges that Nationstar did not remove the improper fees and charges for November and December 2019 and sought the same.  (Doc. 18 at 8, ¶ 38.)

Mr. Collins filed suit, raising four claims: violations of RESPA (Counts I and III), breach of contract (Count II), and a violation of the FCCPA (Count IV).  (Doc. 18.)[2]  Nationstar moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).  (Doc. 20.)

DISCUSSION

As will be explained, the complaint is due to be dismissed, and Mr. Collins will be allowed one more opportunity to replead.

## I.   Jurisdictional Basis

At the outset, although Mr. Collins raises RESPA claims and requests that this Court "[a]ssume jurisdiction over this action," he does not specify the basis for the Court's subject matter jurisdiction over the action.  (Doc. 18 at 1, 14.)  Federal Rule of Civil Procedure 8 requires "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1).  Should he amend the complaint, he must correct this omission.  See Taylor v. Appleton, 30 F. 3d 1365, 1367 (11th Cir. 1994) (finding that even if jurisdiction is based on a federal question, pleader must include a "short and plain statement of the grounds upon which the court's jurisdiction depends").

## II.   Count I: RESPA Dual Tracking

In Count I, Mr. Collins alleges that Nationstar "failed to take reasonable steps to avoid the sale by failing to follow Pinellas county local rules and supply the

---

[2] Mr. Collins's original complaint, in which he raised a claim under the Fair Debt Collection Practices Act, was dismissed with leave to amend.  (Docs. 1, 15.)

judge with an order on [its] motion in a timely manner," and that this failure is "the direct cause of the sale of Mr. Collins['s] home" and resulted in "a delay in the modification taking effect, unreasonable and unjustified fees and costs billed and collected on Mr. Collins['s] account." (Doc. 18 at 9, ¶¶ 42–47.)  Mr. Collins claims that this constitutes a "dual tracking" violation of Regulation X of RESPA, codified at 12 C.F.R. § 1024.41(g).  That provision provides:

> If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale . . . .

This count was previously dismissed because Mr. Collins's allegations did not establish that Nationstar had "move[d] for foreclosure judgment or order of sale." (Doc. 15 at 3.)  Mr. Collins has since added allegations that Nationstar had a "duty" to submit to the state court an order in its motion to cancel the May 14, 2019 sale, and that, as required by "Official Bureau Interpretation of 41(g) prohibition of sale," Nationstar failed to take reasonable steps to prevent the sale. (Doc. 18 at ¶¶ 22, 41–44.)  Nationstar contends that these new allegations "do not change the law on dual tracking," and that dismissal is again warranted. (Doc. 20 at 7.)

As the previously assigned judge determined, the allegations, even viewed in the light most favorable to Mr. Collins, do not establish that Nationstar "moved for foreclosure judgment or order of sale." (Doc. 15 at 3).  Instead, the allegations show that Nationstar made efforts to stop the sale.  Soon after Mr. Collins submitted his complete loss mitigation application, Nationstar moved to continue the trial, but the

state court denied the motion.  The state court's judgment scheduled the sale, and Nationstar's subsequent motion to cancel the sale was granted.  Nationstar filed another (this time unsuccessful) motion to cancel the rescheduled sale, but the sale went forward and Nationstar had to move to vacate the judgment and dismiss the action.  Notably, in the previously dismissed complaint, Mr. Collins had also alleged that the state court "didn't enter an order cancelling the foreclosure sale, and docketed that the Order required to be submitted timely in order to cancel the sale was submitted on May 21, 2019, after the sale occurred."  (Doc. 1 at 4, ¶ 22.)  In other words, there are no new allegations to support the claim.

Other courts have agreed that a sale does not necessarily constitute a violation of section 1024.41(g) where the servicer does not "actually conduct" the sale and made efforts to stop the sale.  For example, in Hevia v. Ocwen Loan Servicing, LLC, No. 1:18-cv-25463-KMM, 2019 WL 3000761, at *1 (S.D. Fla. June 25, 2019), after the servicer received a complete loss mitigation application, it filed a motion to continue the hearing, which was denied.  The servicer then twice moved to cancel the sale, but the sale was reset, took place, and was ultimately vacated. Id.  In rejecting the plaintiff's claim that the servicer "failed to take reasonable steps" to prevent the final judgment and sale, the court concluded that section 1024.41(g) "only prohibits the servicer from affirmatively acting to effectuate the foreclosure by filing a dispositive motion or actually conducting the foreclosure sale."  Id. at *3–4.  Likewise, Mr. Collins does not expressly allege that it was Nationstar which "conduct[ed] the actual foreclosure sale."  See Landau v.

RoundPoint Mortgage Servicing Corp., 925 F. 3d 1365, 1371 (11th Cir. 2019); (Doc.

18 at 5, 9, ¶¶ 23, 45).

Mr. Collins's reliance on the Consumer Financial Protection Bureau's

("CFPB") Official Interpretation of section 1024.41(g) is unavailing.  (Doc. 18 at 8, ¶

41.)  That interpretation provides as follows:

> The prohibition on a servicer moving for judgment or order of sale includes making a dispositive motion for foreclosure judgment, such as a motion for default judgment, judgment on the pleadings, or summary judgment, which may directly result in a judgment of foreclosure or order of sale. A servicer that has made any such motion before receiving a complete loss mitigation application has not moved for a foreclosure judgment or order of sale if the servicer takes reasonable steps to avoid a ruling on such motion or issuance of such order prior to completing the procedures required by § 1024.41, notwithstanding whether any such action successfully avoids a ruling on a dispositive motion or issuance of an order of sale.

Supplement I to Part 1024–Official CFPB Interpretations, at 43.  However, this

agency interpretation need not be considered because the regulation is not

ambiguous.  See Lage v. Ocwen Loan Servicing LLC, 839 F. 3d 1003, 1010 (11th Cir.

2016).  Indeed, in Landau, the Eleventh Circuit found that section 1024.41(g)'s

language of "move for" and "order of sale" was unambiguous and did not require

recourse to agency interpretation, and ultimately determined that a motion to

reschedule a sale does not support a section 1024.41(g) claim.  925 F.3d at 1369–71.

Accordingly, because the regulation's language is not ambiguous, there is no

need to consider the CFPB's interpretation of section 1024.41.  And even if

considered, the allegations do not establish that, despite Nationstar's failure to

attach an order to its motion to cancel the sale, Nationstar did not take reasonable steps to prevent the sale.  See, e.g., Merice v. Wells Fargo Bank, N.A., No. 15-80614-civ, 2016 WL 8467117, at *4 (S.D. Fla. Mar. 25, 2016) (finding that motion to cancel sale, although denied, constituted reasonable step and that motion to vacate sale was not required).  In short, Mr. Collins provides no legal or factual support for his contention that Nationstar's failure to timely attach an order to a motion, as required by the court's local rules, constituted a violation of section 1024.41(g).[3]  Mr. Collins will be allowed one more opportunity to replead.

## III.    Count II: Breach of Contract

Mr. Collins alleges several contractual breaches by Nationstar in support of Count II: refusing to accept payments in June and July 2019; failing to timely apply the modification; allocating Mr. Collins's payments after June 1, 2019 to fees and charges not allowed under the contract or caused by Nationstar's action; and sending statements incorrectly reflecting that payment was not due and then charging fees and costs for not having received the payments.  (Doc. 18 at 10 ¶ 49.)

This count was previously dismissed due to Mr. Collins's failure to attach the contractual documents to his complaint and identify specific provisions that were breached.  (Doc. 15 at 3.)  Although he has since attached the note, mortgage, and

---

[3] The amended complaint is further deficient as to both RESPA counts because it seeks punitive damages, which are not allowed by statute.  (Doc. 18 at 10, 13); see 12 U.S.C. § 2605(f).  And although Mr. Collins seeks statutory damages, he fails to allege any facts that would support a finding of a pattern or practice of noncompliance, as required by section 2605(f)(B).

loan modification agreement, he still fails to specify which contractual provisions were breached by Nationstar's acts.  This failure once more compels dismissal. See Burgess v. Religious Tech. Ctr., Inc., 600 F. App'x 657, 664 (11th Cir. 2015) (rejecting breach of contract claim where plaintiffs made "vague references to a breach, but they never identified the contract provision that formed the basis of their claims"); Schuller v. GeoVera Specialty Ins. Co., No. 8:16-cv-2606-T-35AAS, 2017 WL 10276864, at *2 (M.D. Fla. Dec. 29, 2017) ("A complaint that fails to specify the contract provision that was breached is subject to dismissal.").

Although Mr. Collins observes that the amended complaint uses language that certain provisions in the documents also use, such as "fees," the amended complaint nonetheless fails to identify or reference those provisions.  (Doc. 21 at 12.) It is, moreover, unclear whether there are other provisions in the documents which would also support the breach of contract claims.  Lastly, it is insufficient that, as Mr. Collins contends, the documents "incorporate each other into the agreement . . . making all three documents part of the same unified contract, which all together was breached by Defendant's actions."  (Id. at 12–13.)  Some specificity is required. Mr. Collins will be allowed one more opportunity to replead.[4]

## IV.   Count III: RESPA Notice of Error

In Count III, Mr. Collins alleges several RESPA violations resulting from Nationstar's response to his Notice of Error: failing to correct his account in

---

[4] At this stage of litigation, the Court need not resolve the dispute as to attorney's fees on Count II.  (Doc. 20 at 12; Doc. 21 at 13.)

violation of 12 U.S.C. § 2605(e)(2)(A); failing to conduct a reasonable investigation, evidently in violation of Regulation X; and providing information to consumer reporting agencies regarding overdue payments following his notice, in violation of section 2605(e)(3).  (Doc. 18 at 12–13, ¶¶ 53–56.)[5]

---

[5] Mr. Collins's Notice of Error is a "qualified written request" under 12 U.S.C. § 2605(e)(1)(B).  Section 2605(e)(2) provides that within 30 days of receipt of a qualified written request a servicer must:

> (A) make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction . . . ; [or]

> (B) after conducting an investigation, provide the borrower with a written explanation or clarification that includes. . . to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer . . . .

Following receipt of a notice of error, Regulation X, 12 C.F.R. § 1024.35(e), further requires a servicer to either:

> (A) Correct[] the error or errors identified by the borrower and provid[e] the borrower with a written notification of the correction, the effective date of the correction . . . ; or

> (B) Conduct[] a reasonable investigation and provid[e] the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, [and] a statement of the reason or reasons for this determination . . . .

Additionally, 12 U.S.C. § 2605(e)(3) provides that "[d]uring the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency . . . ."

This count was previously dismissed due to Mr. Collins's failure to attach or specify the contents of the Notice of Error, and because the claim was unsupported by non-conclusory factual allegations.  (Doc. 15 at 4.)  Nationstar contends that dismissal is again warranted because the non-conclusory allegations do not establish that Nationstar failed to make appropriate corrections, did not conduct a reasonable investigation, and improperly disclosed information to a credit reporting agency.  (Doc. 20 at 12–17.)

The Court agrees with Nationstar that many of the allegations in the amended complaint are conclusory, merely parrot regulatory language, and are unsupported by the attached Notice of Error.  (Compare Doc. 18 at 12, ¶ 52a–c, with 12 C.F.R. § 1024.35(b)(1),(2), and (5)); see Grossman v. Nationsbank, N.A., 225 F. 3d 1228, 1231 (11th Cir. 2000) (finding that a court can consider exhibits attached to a complaint on a motion to dismiss).  For example, Mr. Collins alleges that the Notice of Error referenced errors as to the "imposition of a fee or charge that the servicer lacks a reasonable basis to impose upon the borrower," but no such claim is found in the notice itself.  (Doc. 18 at 12, ¶ 52c; Doc. 18-4.)  Instead, the Notice of Error expresses confusion as to the amount owed due to the inconsistent monthly statements and requests that Nationstar: reflect the 2019 loan modification in loan accounting; correctly apply all payments made after the June 1, 2019 modification; accept payments; eliminate late fees and other fees after June 1, 2019; and advise as to what regular payments are due.  (Doc. 18-4.)

Nationstar responded to the notice by sending Mr. Collins the account's payment history and a letter explaining as follows: the loan modification was "booked" on October 16, 2019; the modification was booked late because of delays related to the property sale; fees assessed after June 1, 2019 were waived with the booking of the modification; a payment was received in September 2019, which was applied to a February 1, 2017 installment; and funds from the sale were posted to certain payments in error, and the error was corrected on March 19, 2020 by reversing and crediting the payments.  (Doc. 18-5.)

Mr. Collins has not alleged with any specificity that any of this information was incorrect.  Although he provides some factual support in his response to show that the "balance of [the] alleged arrears are made up of improperly imposed fees," and that therefore Nationstar's response was deficient, that factual support is not included in his amended complaint.  (Doc. 21 at 15–16.)  As noted, he continues to rely on conclusory allegations that Nationstar did not "credit[] any late charges or penalties."  (Doc. 18 at 12, ¶ 53.)  And although Mr. Collins contends in his response that Nationstar's "application of the September 27, 2019 payment to February 1, 2017 installment was an error as it was applied contrary to the terms of the mortgage," this factual support is also not included in his amended complaint.  (Doc. 21 at 14.)

Mr. Collins also asserts that Nationstar failed to acknowledge that it refused to accept payments in June, July, and August 2019 in error or explain why this was not error.  (Id. at 15.)  However, despite his allegation that he sent a request

regarding this error (Doc. 18 at 12, ¶ 52(a)), his Notice of Error did not reference the rejected payments and merely requested that Nationstar "start accepting payments on his account."  (Doc. 18-4 at 1.)  And he has not alleged that Nationstar has refused to accept his payments after he submitted the Notice of Error.

At a minimum, the amended complaint and supporting exhibits, even viewed in a light most favorable to Mr. Collins, demonstrate that Nationstar investigated the matter and responded in detail to the specific concerns raised by Mr. Collins. See Hernandez v. J.P. Morgan Chase Bank N.A., No. 14-24254-civ, 2015 WL 9302827, at *7–8 (M.D. Fla. Dec. 21, 2015) (dismissing claim where servicer's letter "directly [met] the substance of Plaintiff's request" and showed that servicer investigated the request, and there were no non-conclusory allegations of an inadequate investigation or that the information provided was false); see also Finster v. U.S. Bank Nat'l Ass'n, 723 F. App'x 877, 881 (11th Cir. 2018) ("We agree that [the defendant's] responses complied with RESPA by providing an explanation to [the plaintiff] as to why her loan modification was denied, even though she was understandably unsatisfied with the responses and found [the defendant's] actions to be unreasonable.").  Accordingly, the current allegations do not state a claim under 12 U.S.C. § 2605(e)(2)(A) or (B), or Regulation X.

Mr. Collins's claim that Nationstar violated section 2605(e)(3) is also deficient.  Indeed, he provides no factual support to establish that Nationstar disclosed credit reporting information relating to the qualified written request within the "60-day period beginning on the date of the servicer's receipt" of the

qualified written request.  <u>See</u> 12 U.S.C. § 2605(e)(3).  He alleges that the disclosure occurred "in late 2019 and early 2020," but Mr. Collins sent the Notice of Error on July 8, 2020, and he does not dispute that Nationstar received it on July 21, 2020.  (Doc. 18 at 13, ¶ 56; Docs. 18-4, 18-5.)  In all events, Nationstar sent its response on August 27, 2020.  (Doc. 18 at 7, ¶ 36.)  The amended complaint alleges no other relevant facts.  It is thus unclear whether "late 2019" falls within 60 days from the date of Nationstar's receipt, and the allegations do not state a claim under section 2605(e)(3).  Mr. Collins will be allowed one more opportunity to replead.

## V.     Count IV: FCCPA

In Count IV, Mr. Collins alleges that Nationstar sent him statements in "the last quarter of 2019 and first quarter of 2020" that claimed and threatened to enforce debts that were not legitimate, as acknowledged by the response to his Notice of Error.  (Doc. 18 at 14, ¶¶ 59–60.)  Specifically, he alleges that he was advised not to pay amounts that were due, was charged fees for not making those payments, and then made payments that were subsequently applied to those illegitimate charges.  (<u>Id.</u>)

Section 559.72(9) of the Florida Statutes provides that "[i]n collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."  A claim under this section requires a showing of actual knowledge.  <u>See</u> <u>LeBlanc v.</u> <u>Unifund CCR Partners</u>, 601 F.3d 1185, 1192 n.12 (11th Cir. 2010).

Nationstar contends that dismissal is warranted because Mr. Collins's allegations do not establish that Nationstar knew the debt was illegitimate at the time it purportedly sought to collect on the debt.  (Doc. 20 at 17–19.)  Specifically, Mr. Collins alleges that Nationstar acknowledged that the fees, costs, and missed payments were not legitimate in its August 27, 2020 response to his qualified written request.  However, the Notice of Error was not sent, and the response was not prepared, until several months after "the first quarter of 2020."  As Nationstar correctly contends, it would be unreasonable to infer from only these allegations that Nationstar knew at the time it sought to collect on the debt that the fees, costs, and missed payments were illegitimate.

Additionally, mere knowledge of a "dispute" is insufficient.  See Finster v. U.S. Bank Nat'l Ass'n, 245 F. Supp. 3d 1304, 1321 (M.D. Fla. 2017), aff'd, 723 F. App'x 877 (11th Cir. 2018).  So too are Mr. Collins's conclusory allegations of knowledge.  See Characo v. Phoenix Fin. Services, LLC, No. 6:20-cv-1168-Orl-37DCI, 2020 WL 8379174, at *2 (M.D. Fla. Nov. 3, 2020).  And although he generally refers to "fees, costs, and missed payments" and "illegitimate charges," he does not identify them with any specificity on the FCCPA count.

In his response, Mr. Collins contends that "[t]he allegation is supported by the fact that [Nationstar] acknowledged a modification by signing and recording the modification on August 7, 2019.  Then sending the Plaintiff a statement on September 18, 2019 asking for $23,256.02 for payments due in April, May, June, 2019 which are not required under the modification."  (Doc. 21 at 16 (citations

omitted)).  In other words, he appears to reason that Nationstar knew the debt was illegitimate because the debt amount stated was inconsistent with the contract executed by Nationstar.  Even if this would be sufficient, Count IV lacks such supporting factual allegations to establish knowledge.  (Doc. 18 at 13–14, ¶¶ 59–60.) Mr. Collins will be allowed one more opportunity to replead.

### CONCLUSION

For the reasons above, it is **ORDERED**:

1.    Nationstar's motion to dismiss (Doc. 20) is **GRANTED**.

2.    The amended complaint (Doc. 18) is **DISMISSED without prejudice**.

3.    On or before January 3, 2022, Mr. Collins may file a second amended complaint consistent with this Order.  Failure to file a second amended complaint by that date will result in the immediate dismissal of this action without further notice.

**ORDERED** in Tampa, Florida, on December 20, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE